[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12047
Non-Argument Calendar

_____

D. C. Docket No. 05-00128-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEBASTIAN SANCHEZ DUBOSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 19, 2007)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Sebastian DuBose ("Dubose") appeals his convictions for

carjacking, in violation of 18 U.S.C. § 2119, and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). DuBose's convictions arise out of the carjacking and killing of Michael Rodgers ("Rodgers"), which was witnessed by Lois Rodgers, the victim's mother, and LaDonna Brown ("Brown").

DuBose argues that there was insufficient evidence to sustain a guilty verdict because the government failed to prove that he was present during the commission of the crime. Dubose asserts that none of the witnesses were able to place him at the scene of the crime at the time of the crime. He notes that there was no physical evidence connecting him to the crime, and he also contends that the witness testimony placing him in the area earlier that night was not enough for the jury to infer his participation in the crime. DuBose emphasizes that Brown's testimony was internally inconsistent and inconsistent with the testimony of Lois Rodgers.

"We review the sufficiency of the evidence presented at trial *de novo*. The evidence is viewed in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor. The question to ask is whether a reasonable jury could have concluded that the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. LeCroy*, 441 F.3d 914, 924 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2096 (2007). Credibility determinations are the sole province of the jury. *United States v.*

*Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. DuBose does not contest whether the evidence supported the jury's finding that Rodgers's attackers fulfilled the elements of carjacking and of possessing a firearm during a crime of violence; rather, Dubose only contests whether the evidence showed that DuBose was one of those attackers. Brown witnessed the attack and positively identified DuBose as one of the attackers. While Brown's testimony was not entirely consistent with other testimony, these inconsistencies go to credibility, and it is not within our province to re-weigh the jury's credibility determinations. *Id*. Thus, Brown's identification of Dubose provided sufficient evidence for the jury's verdict. Therefore, we affirm Dubose's convictions.

**AFFIRMED.**